Case 1:21-cv-00145-TWP-TAB   Document 5   Filed 02/02/21   Page 1 of 13 PageID #: 97

**FILED**
4:39 pm, Feb 02, 2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

  

# THE MOORISH NATIONAL REPUBLIC
## MOORISH DIVINE AND NATIONAL MOVEMENT OF THE WORLD
Aboriginal and Indigenous Natural Peoples of North-West Amexem North America

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AR RAZZAAQ RASHID BEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 1:20-CV-02683-RLY-TAB |
| ) | |
| TYLER O. MOORE, KOKOMO MAYOR; ) | |
| DOUGLAS A. TATE, SUPERIOR COURT 3 ) | |
| JUDGE; MARK ALLAN HURT, ) | |
| PROSECUTOR; MARK A. MCCANN, ) | |
| PROSECUTOR; JUSTIN MACKEY, ) | |
| KOKOMO POLICE DEPARTMENT POLICE ) | |
| ENFORCER, BADGE #417; GRAHAM ) | |
| DENNIS, KOKOMO POLICE DEPARTMENT ) | |
| POLICE ENFORCER, BADGE #413; ) | |
| ANDREW GRAMMAR, KOKOMO POLICE ) | |
| DEPARTMENT POLICE ENFORCER, ) | |
| BADGE #411; NOAH MOODY, KOKOMO ) | |
| POLICE DEPARTMENT, POLICE ) | |
| ENFORCER, BADGE #410; CHRIS WHITE, ) | |
| KOKOMO POLICE DEPARTMENT POLICE ) | |
| ENFORCER, BADGE #397; ISAAC WALDEN, ) | |
| KOKOMO POLICE DEPARTMENT POLICE ) | |
| ENFORCER, BADGE #421; RYAN ADAMS, ) | |
| KOKOMO POLICE DEPARTMENT POLICE ) | |
| ENFORCER, BADGE #424; DOUGLAS ) | |
| STOUT, KOKOMO POLICE DEPARTMENT ) | |
| POLICE ENFORCER, BADGE #353; ROBERT ) | |
| BAKER, KOKOMO POLICE DEPARTMENT ) | |
| POLICE ENFORCER, BADGE #268; ) | |
| ZACHARY GRIFFITH, KOKOMO POLICE ) | |
| DEPARTMENT POLICE ENFORCER, | |

3

| | |
|---|---|
| BADGE #414, JORDAN BUCKLEY, KOKOMO DEPUTY SHERIFF, BADGE #34-66; JUSTIN MARKLEY, KOKOMO DEPUTY SHERIFF, BADGE #34-72; ALAN WEIMER, KOKOMO DEPUTY SHERIFF, BADGE #34-84; KEITH MEYERS, KOKOMO DEPUTY SHERIFF, BADGE #34-41; EZEKIEL ZIMMERMAN, KOKOMO DEPUTY SHERIFF, BADGE #34-81; ROBIN BYERS, HOWARD COUNTY INDIANA CORRECTIONS DIVISION; JUSTIN CHRISTMAS, HOWARD COUNTY INDIANA CORRECTIONS DIVISION; KELSEY KIRKPATRICK, HOWARD COUNTY INDIANA CORRECTIONS DIVISION 968; BEN PENROD, HOWARD COUNTY INDIANA CORRECTIONS DIVISION C030; MARVIN JOHNSON, HOWARD COUNTY INDIANA CORRECTIONS DIVISION, JOHNSON'S TOWING, INC.; ALLAN WILSON; COMPETITION TOWING & RECOVERY, LLC; KENNY CARTER, KOBE CARTER, MARTIN WRECKER SERVICES, INC.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CASE MANAGEMENT PLAN

**I.**　**Parties and Representatives**

　　　A &B. **Plaintiff:** Ar Razzaaq Rashid Bey
　　　　　1524 North Purdum Street
　　　　　Kokomo, IN 46901
　　PH (765) 631-7007 Email: arrazzaaqbey@gmail.com

　　　　　**Kokomo Defendants:** Tyler Moore, Justin Mackey, Graham Dennis, Andrew Grammar, Noah Moody, Chris White, Isaac Walden, Ryan Adams, Douglas Stout, Robert Baker, and Zachary Griffith
　　　　　**Counsel for Kokomo Defendants:**
　　　　　Matthew S. Clark (#33712-45)

4

        Elizabeth M. Lewandowski (#35290-45)
        Knight, Hoppe, Kurnik, & Knight, Ltd.
        Attorneys for Defendants
        233 East 84th Drive, Suite 301
        Merrillville, IN 46410
        219/322-0830; FAX: 219/322-0834
EMAIL: Mclark@khkklaw.com; Elewandowski@khkklaw.com

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**   **Jurisdiction and Statement of Claims**

    A. The court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1343, and 28 U.S.C. § 1603. The Petitioner brings federal question claims pursuant to 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 245, & the 1st, 4th, 5th, 6th, 7th, 8th, 9th, and 10th Amendments.

    B. The petitioner alleges him, and his property was injured, kidnapped for ransom, denationalized, and placed with unlawful charges against him under color of law. Nor has there been any written response to the Affidavit Of Truth with exhibits A-J, & Affidavit of Non-Response filed 8/11/20, 9/2/20, 9/15/20, & 9/22/20 at the Howard County Recorder's Office: Record numbers 2034011555, 2034012902, 2034013502, & 2034013846 from all parties involved in his criminal case.

    C. Kokomo Defendants do not recall having knowledge of or receiving such requests and/or any obligation to such requests. Additionally, there is no constitutional right to discovery in a criminal case. Kokomo Defendants are otherwise entitled to qualified immunity.

**III.**   **Pretrial Pleadings and Disclosures**

    A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 15, 2021**.

    B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before **February 22, 2021**.

    C.   Defendant(s) shall file preliminary witness and exhibit lists on or before **March 1, 2021**.

    D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 15, 2021**.

*Revision Date: September 7, 2018*

E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **March 15, 2021**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 30 days after receipt of the proposal**.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 13, 2021**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **30 days after Plaintiff(s) serves its expert witness disclosure**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 13, 2021**.

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 1, 2021**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before **December 13, 2021**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate e by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

7

*Revision Date:  September 7, 2018*

Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

B. On or before **November 22, 2021**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

_____ Track 2: Dispositive motions are expected and shall be filed by [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by _____[no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by _____[ no later than 15 months from Anchor Date]. All remaining discovery shall be completed by no later than 16 months from Anchor Date. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

**X** Track 3: Dispositive motions shall be filed by **November 13, 2021**; non-expert discovery shall be completed by **October 13, 2021**; expert witness discovery shall be completed by **September 13, 2021**. The Constitution states. "The Fifth Amendment is relevant to both criminal and civil legal proceedings". It also requires that "due process of law" be part of any proceeding that denies a citizen "life, liberty or property" and requires the government to compensate citizens when it takes private property for public use.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

### V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September 2021.**

### VI. Trial Date

The parties request a trial date in **July 2021**. The trial is by jury and is anticipated to take **3 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

### VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying

9

       designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall

10

*Revision Date: September 7, 2018*

      submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

### <u>The petitioner is requesting for a protection order.</u>

    I am respectfully requesting that the court immediately issue in order of protection. The parties involved in civil action lawsuit has committed the following act(s) of stalking, and harassment:

a. The Respondents attempted to cause physical harm to me since the filing of my civil suit.
b. The Respondents threatened to cause physical harm to me since the filing of my civil suit.
c. The Respondents placed me in fear of physical harm since the filing of my civil suit.
d. The Respondents committed stalking against me since the filing of my civil suit.
e. The Respondents committed repeated acts of harassment against me since the filing of my civil suit.
f. The Respondents committed vandalism to my property since the filing of my civil suit.
g. The Respondents has physically and emotionally distraughted my children since the filing of my civil suit.

The petitioner may stand upon constitutional rights. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the state or to his neighbors to divulge his business or to open his door to an investigation, so far as it may tend to incriminate him. He owes no such duty or the state, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the Law of the Land, long antecedent to the organization of the state… He owes nothing to the public so long as he does not trespass upon their rights." <u>Hale v. Henkel, 201 U.S. 43 (1905)</u>. "The claim and exercise of Constitutional Rights cannot be converted into a crime." <u>Miller v. Kansas 230 F 2nd 486, 489.</u> The petitioner claims full and equal protection of the law. <u>Marbury v. Madison 5 US 137.</u> The Fifth (5th) Amendments require that all persons within the United States must be given due process of the law and **equal protection of the law**.

**Let the Descriptions of Incidences show that I have been physically, mentally, emotionally, and financially injured behind these threatening, dangerous, and terrifying encounters!** [Note: The petitioner has surveillance video and photos of the encounters to be placed in evidence.]

**[INSERT SIGNATURE BLOCKS FOR ALL COUNSEL TO SIGN THE CMP HERE]**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS |

*Revision Date: September 7, 2018*

| | |
|---|---|
| | SCHEDULED FOR _____ AT \_\_\_\_.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____  _____
Date                                                                U. S. District Court
                                                                          Southern District of Indiana

13

*Revision Date: September 7, 2018*

# INSTRUCTIONS FOR PREPARING CASE MANAGEMENT PLAN

The following provisions apply to civil cases filed in the United States District Court for the Southern District of Indiana that are not exempt from filing a Case Management Plan ("CMP") under S.D. Ind. L.R. 16-1.

## Special Instructions For Pro Se Parties

Any party who is not represented by counsel (known as a pro se party) and who is not incarcerated may participate fully in the preparation of the CMP. Alternatively, however, non-incarcerated pro se parties may simply mail a letter containing that party's complete name, address, telephone number, and a summary of the case that includes only the main or major facts. This letter must be mailed to all opposing counsel (or parties, if unrepresented) within 70 days from the date that the case was filed or removed to this Court. Pro se parties may obtain the names and addresses of counsel for opposing parties by calling the clerk's office at 317-229-3700 or conducting a case search on the Court's webpage at www.insd.uscourts.gov. Counsel for opposing parties shall then incorporate the information from the pro se party's letter, timely sign and submit the CMP to the Court, and serve a copy on the pro se party.

## General Instructions For All Cases

Unless the plaintiff is pro se, counsel for plaintiff shall be responsible for coordinating timely completion of the CMP. The deadline for filing the CMP is 90 days from the date the case was filed or removed. The deadline for filing the CMP shall not be extended without written motion which establishes good cause to extend the deadline. Regardless of the status of the CMP, the parties are free to engage in discovery in compliance with the Federal Rules of Civil Procedure and Local Rules of this Court.

The calculation of all deadlines for the CMP is based on the "Anchor Date," which means the date that the case was filed or removed to the Court. Because all CMP deadlines are linked to the Anchor Date, plaintiffs must promptly effectuate service on all defendants. The Court may entertain requests from defendants to modify/lengthen all CMP deadlines if service is not made promptly.

Depending on the type of case, the Anchor Date is used to calculate certain deadlines that will govern pretrial management. Please note, however, that the parties are encouraged to shorten these time frames in appropriate cases so that the case may be quickly scheduled for trial.

The use of the term "months" for calculating the dates (rather than counting days) is for ease of calculation. Thus, for example, if the Anchor Date is the 20th of the month, most of CMP deadlines will fall on the 20th of the respective months regardless of how many days comprise the intervening months.

District Judges and Magistrate Judges regularly receive documents filed by all parties. Therefore, parties shall not bring "courtesy copies" to any chambers unless specifically directed

to do so by the Court. In accordance with S.D. Ind. L.R. 26-2, discovery papers are not ordinarily filed with the Court.

In addition to those conferences required by S.D. Ind. L.R. 37-1, counsel are encouraged to hold informal conferences in person or by phone to resolve any disputes involving non-dispositive issues that may otherwise require submission of a motion to the Court. This requirement does not apply to cases involving pro se parties. Therefore, prior to filing any non-dispositive motion (including motions for extension of time), the moving party must contact opposing counsel to determine whether there is an objection to any non-dispositive motion (including motions for extension of time), and state in the motion whether opposing counsel objects to the motion. If an objection cannot be resolved by counsel, the opposing counsel's position shall be stated within the motion. The motion should also indicate whether opposing counsel plans to file a written objection to the motion and the date by which the Court can expect to receive the objection (within the time limits set in S.D. Ind. L.R. 7-1). If after a reasonable effort, opposing counsel cannot be reached, the moving party shall recite in the motion the dates and times that messages were left for opposing counsel.

Form date: November 2008 *(revised September 7, 2018)*